**FOR PUBLICATION**

FILED

MAR 1 8 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 12-35648-C-7 |
| MARIA VILLARREAL CAMACHO, | Adversary No. 12-2608 |
| Debtor(s). | DC No. MDM-1 |
| MARIA VILLARREAL CAMACHO, | |
| Plaintiff(s), | |
| v. | |
| GREENPOINT MORTGAGE FUNDING, INC., BANK OF AMERICA, N.A.; 101 FINANCIAL ENTERPRISES, INC.; AURORA BANK, FSB fka LEHMAN BROTHERS BANK, FSB; FIDELITY NATIONAL TITLE COMPANY; US BANK NATIONAL ASSOCIATION as Trustee for LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3, | |
| Defendant(s). | |

**OPINION**

Before Christopher M. Klein
United States Bankruptcy Judge

Maria Villarreal Camacho, in propria persona, plaintiff.

Sara Firoozeh, Houser & Allison, Irvine, California, for defendant U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-through Certificates, Series 2007-3.

Caroline R. Djang, Rutan & Tucker, LLP, Costa Mesa, California, for defendant GreenPoint Mortgage Funding, Inc.

Monique D. Jewett-Brewster, Bryan Cave, LLP, San Francisco, California, for defendant Bank of America, N.A.

1  KLEIN, Bankruptcy Judge:

2       A husband and wife tag team who have used serial adversary
3  proceedings to wrestle with a lender now find themselves pinned
4  by the so-called "two dismissal rule" of Federal Rule of Civil
5  Procedure 41(a)(1)(B).  In the course of seven bankruptcy cases,
6  they filed three adversary proceedings asserting the same claim
7  against the same defendants, the first two of which were
8  voluntarily dismissed by notices of dismissal under Rule
9  41(a)(1)(A)(i).  The unilateral second dismissal operates "as an
10 adjudication on the merits" that ends the wrestling match in this
11 court.  Hence, the third adversary proceeding is DISMISSED.

12      The linchpin of the rationale is that the term "same claim"
13 in Rule 41(a)(1)(B) means "claim" as used in the <u>Restatement</u>
14 <u>(Second) of Judgments</u> § 24.  That is, "same claim" is determined
15 under a transactional analysis to include all rights of a
16 plaintiff to remedies against a defendant with respect to all or
17 any part of the transaction, or series of connected transactions,
18 out of which the action arose.  Here, all relief sought in the
19 complaints arises out of a common nucleus of operative facts.

20

21                              Facts

22      J. Pedro Zarate and Maria Villarreal Camacho are spouses who
23 own, as community property, a small commercial shopping center in
24 the City of San Joaquin, California, with respect to which they
25 obtained what they describe as a "refinancing purchase money
26 loan" through Greenpoint Mortgage Funding, Inc.  They contend
27 that this loan was an instance of predatory lending.

28      The Greenpoint loan, which made its way into mortgage-backed

1 securities, is the focus of the dispute being pursued by Zarate

2 and Camacho in which they seek to obtain clear title to the real

3 property, damages, and declaratory and injunctive relief.

4     The couple has chosen to use the bankruptcy court as the

5 forum for pursuing their claim against Greenpoint and other

6 entities involved in the loan throughout its history.  Their

7 strategy is serial filing.

8     Zarate has filed six chapter 13 cases in the Eastern

9 District of California:  (1) No. 08-34307, filed October 3, 2008,

10 dismissed November 18, 2008; (2) No. 09-40590, filed September

11 24, 2009, dismissed November 10, 2009; (3) No. 11-40715, filed

12 August 25, 2011, dismissed October 12, 2011; (4) No. 11-48088,

13 filed December 1, 2011, dismissed March 28, 2012; (5) No. 12-

14 26252, filed March 30, 2012, dismissed September 11, 2012; and

15 (6) No. 13-22346, filed February 22, 2013, which is still

16 pending.

17     Camacho filed a chapter 7 case, No. 12-35648, on August 28,

18 2012, and has received a chapter 7 discharge.

19     Three adversary proceedings have been filed by the couple

20 thus far against Greenpoint and entities in privity with

21 Greenpoint:  (1) Zarate v. Greenpoint Mortgage Funding, Inc., et

22 al., No. 12-02113, filed March 9, 2012, voluntarily dismissed by

23 notice of dismissal filed under Fed. R. Civ. P. 41(a)(1)(A)(i)

24 March 29, 2012; (2) Zarate v. Greenpoint Mortgage Funding, Inc.,

25 et al., No. 12-02206, filed May 3, 2012, voluntarily dismissed by

26 notice of dismissal filed under Fed. R. Civ. P. 41(a)(1)(A)(i)

27 September 11, 2012; and (3) Camacho v. Greenpoint Mortgage

28 Funding, Inc., et al., No. 12-02608, filed October 17, 2012.

- 3 -

1    Although the successive complaints allege additional
2  theories of recovery, the factual allegations in each complaint
3  reveal that the factual basis for all such theories is the
4  Greenpoint loan.  Thus, Camacho conceded orally on the record on
5  February 26, 2013, that her adversary proceeding No. 12-02608
6  does not materially differ from the two complaints that were
7  filed by her husband and voluntarily dismissed.

8    The voluntary dismissals of Adversary Nos. 12-02113 and
9  12-02206 were by Zarate through counsel, who filed notices of
10  dismissal before a defendant filed an answer or a motion for
11  summary judgment as permitted by Rule 41(a)(1)(A).

12    Camacho filed the instant, third, adversary proceeding on
13  October 17, 2012, following her husband's dismissal of the second
14  adversary proceeding on September 11, 2012.

15
16                              Jurisdiction
17    Jurisdiction is founded on 28 U.S.C. § 1334(b).  The power
18  of a bankruptcy judge over this adversary proceeding is governed
19  by 28 U.S.C. § 157.

20    The gravamen of the complaint sounds in non-core theories.
21  All defendants expressly consented orally on the record in open
22  court that a bankruptcy judge may hear and determine the matter
23  in its entirety.  28 U.S.C. § 157(c)(2) (non-core); Executive
24  Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency,
25  Inc., 702 F.3d 553, 567-70 (9th Cir. 2012) (core).  The plaintiff
26  likewise consented orally on the record, and also consented by
27  conduct in two respects:  by filing this lawsuit alleging that it
28  is a core proceeding and by not subsequently questioning this

                              - 4 -

court's authority over the action.  Id.  Accordingly, this court
has the power to "hear and determine" the adversary proceeding in
its entirety, regardless of core or non-core status.

                              Analysis

     The "two dismissal rule" in Civil Rule 41(a)(1)(B) is a
basic feature of federal civil procedure that applies in
bankruptcy adversary proceedings.  Fed. R. Civ. P. 41(a)(1)(B),
incorporated by Fed. R. Bankr. P. 7041.  It limits access to the
federal courts for those who file serial lawsuits.

                                 I

     The "two dismissal rule" is a limiting principle for the
general rule that a plaintiff may at any time before a defendant
serves an answer or motion for summary judgment voluntarily
dismiss a civil action without a court order either by notice of
dismissal or by stipulation by parties who have appeared.[1]  Fed.
R. Civ. P. 41(a)(1)(A), incorporated by Fed. R. Bankr. P. 7041;
Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397-98 (1990)
(history of rule).

_____

     [1]Rule 41(a)(1)(A) ("Voluntary Dismissal - By the Plaintiff")
provides:

     (A) Without a Court Order.  Subject to Rules 23(e), 23.1(c),
         23.2, and 66 and any applicable federal statute, the
         plaintiff may dismiss an action without a court order by
         filing:
             (i) a notice of dismissal before the opposing party
                 serves either an answer or a motion for summary
                 judgment; or
             (ii) a stipulation of dismissal signed by all parties
                 who have appeared.

Fed. R. Civ. P. 41(a)(1)(A), incorporated by Fed. R. Bankr. P. 7041.

                              - 5 -

A

The effect of a unilateral dismissal depends upon whether the action previously has been dismissed.  The first voluntary dismissal by notice or stipulation is presumptively without prejudice unless otherwise stated.  A second notice of dismissal, however, operates as an "adjudication on the merits" if the plaintiff has previously dismissed any action in state or federal court based on or including the same claim.  Fed. R. Civ. P. 41(a)(1)(B), <u>incorporated by</u> Fed. R. Bankr. P. 7041.[2]

Here, there were two Rule 41(a)(1)(a)(i) voluntary dismissals of adversary proceedings in this court by notices of dismissal before the third adversary proceeding was filed.

B

The dismissals are deemed to have been by the same plaintiff as in the third action due to the relationship of the two individual plaintiffs.  Zarate and Camacho are spouses in a community property state pursuing community property claims. That is sufficient to warrant treating them as the same plaintiff.  They are so closely aligned in interest that each is virtual representative of the other.  <u>FDIC v. Alshuler (In re</u>

---

[2]The formal statement of the "two dismissal rule" is in the second sentence of Rule 41(a)(1)(B):

> (B) <u>Effect</u>.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  <u>But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.</u>

Fed. R. Civ. P. 41(a)(1)(B), <u>incorporated by</u> Fed. R. Bankr. P. 7041 (emphasis supplied).

1  *Imperial Corp. of Am.)*, 92 F.3d 1503, 1506 (9th Cir. 1996);

2  *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993); *Lake*

3  *at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933

4  F.2d 724, 727 (9th Cir. 1991); 8 James Wm. Moore et al., Moore's

5  Federal Practice § 41.33[7][k] (3d ed. 2012) ("Moore's").

6

7                                    II

8       The key question under Rule 41(a)(1)(B) is the meaning of

9  the term "same claim."  If the second action asserted a different

10  "claim," then the "two dismissal rule" would not apply.

11

12                                    A

13      There is little discussion in the cases of what constitutes

14  "the same claim" for purposes of the "two dismissal rule."  9

15  Chas. A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2368 (3d

16  ed. 2008); Moore's, §§ 41.33[7][e] & [f].

17      One must be precise about the meaning of "same claim" in

18  Rule 41(a)(1)(B) because the word "claim" in the Civil Rules is

19  subject to the formal fallacy of ambiguity where one word has

20  different meanings.  Since "claim" has multiple meanings in the

21  Civil Rules, the outcome depends upon which meaning applies here.

22  Moore's, § 131.10[3][b]; cf. *United States v. Memphis Cotton Oil*

23  *Co.*, 288 U.S. 62, 67-68 (1933) ("'cause of action' may mean one

24  thing for one purpose and something different for another.").

25      The pleading requirements in Rule 8 use the term "claim for

26  relief" in the sense that can mean a theory for relief based on a

27  "short and plain statement of the claim showing that the pleader

28  is entitled to relief."  Fed. R. Civ. P. 8(a).  A party may state

                                  - 7 -

"as many separate claims" as it has, regardless of whether they are consistent.  Fed. R. Civ. P. 8(d)(3).

If "same claim" means same grounds or theory of the case or remedies or forms of relief, then the "two dismissal rule" would not necessarily be fatal to the instant adversary proceeding because Camacho added an additional theory for recovery in her complaint even though she concedes that the underlying facts are the same for all of the counts in her complaint.

If, however, "same claim" means "claim" in the broader sense of the Restatement (Second) of Judgments — all of plaintiff's rights to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose — then the "two dismissal rule" is fatal.  RESTATEMENT (SECOND) OF JUDGMENTS § 24 ("RESTATEMENT").[3]

The Restatement definition of "claim" includes other grounds

---

[3]Under Restatement § 24:

§ 24. Dimensions of "Claim" for Purposes of Merger or Bar — General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18,19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

RESTATEMENT (SECOND) OF JUDGMENTS § 24.

- 8 -

1  well as other forms of relief.  RESTATEMENT § 25.[4]   The structure
2  and context of Rule 41(a)(1) answers the question in favor of the
3  broader Restatement version associated with claim preclusion.

4      The structure of Rule 41(a)(1) links the term "same claim"
5  with "adjudication on the merits."  This connotes the concept of
6  the "claim" for purposes of the rules of res judicata.  For those
7  purposes, "claim" means "all rights of the plaintiff to remedies
8  against the defendant with respect to all or any part of the
9  transaction, or series of connected transactions, out of which
10 the action arose."

11     The context confirms that the Restatement meaning of "claim"
12 controls.  What is being dismissed under Rule 41(a) is an entire
13 lawsuit that, if it had gone to judgment in the ordinary course,
14 would have provided the basis for claim preclusion under the
15 Restatement analysis.

16
17                              B

18     The question then becomes:  what consequence follows from
19 the proposition that the second dismissal, in the words of Rule
20 41(a)(1)(B), "operates as an adjudication on the merits"?

21 _____

22   [4]Under Restatement § 25:

23   § 25. Exemplification of General Rule Concerning Splitting

24   The rule of § 24 applies to extinguish a claim by the
     plaintiff against the defendant even though the plaintiff is
     prepared in the second action
25   (1) To present evidence or grounds or theories of the case not
     presented in the first action; or
26   (2) To seek remedies or forms of relief not demanded in the
     first action.
27
28 RESTATEMENT (SECOND) OF JUDGMENTS § 25 ("Exemplification of General Rule
   Concerning Splitting").

                              - 9 -

1    The Supreme Court has answered that question:  "adjudication
2  upon the merits" in Rule 41 is the opposite of dismissal "without
3  prejudice."  <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S.
4  497, 505 (2001) ("<u>Semtek</u>").

5    Dismissal "without prejudice," in turn, means dismissal
6  without barring the plaintiff from returning to the federal court
7  with the same claim.  <u>Id</u>.

8    Conversely, a dismissal that is an "adjudication upon the
9  merits," is a dismissal that does bar the plaintiff from
10 returning to the federal court with the same claim.

11   An "adjudication on the merits" is a necessary condition,
12 but is not always a sufficient condition, for claim-preclusive
13 effect in other courts.  <u>Id</u>. at 505-06.

14   Thus, <u>Semtek</u> teaches that the unilateral second dismissal of
15 the Zarate/Camacho claim operated as Rule 41(a)(1)(B)
16 "adjudication on the merits" that barred refiling of the "same
17 claim," determined in accordance with Restatement § 24, in a
18 federal court.  Thus, Camacho's adversary proceeding is barred.
19
20                              C

21   One final nit.  As <u>Semtek</u> was decided under the version of
22 Civil Rule 41 that applied until the restyling of the Civil Rules
23 in 2007, it is appropriate to confirm that the restyling did not
24 introduce an inadvertent substantive change in Rule 41(a)(1).

25   Although the language of Rule 41(a)(1) was revised in 2007,
26 both the previous version and the current version of the rule
27
28

1  link the term "same claim" with "adjudication on the merits."[5]

2      Hence, the 2007 restyling did not materially alter Rule

3  41(a)(1).   The issue of the meaning of "same claim" in Rule

4  41(a)(1)(B) has been inherent in the rule since its inception.

5  The linked terms "same claim" and "adjudication on the merits"

6  were in the former rule, as well as in the restyled rule.

7      Hence, <u>Semtek</u> continues to control the construction of Rule

8  41 in the post-2007 restyled rules.

9

10                              Conclusion

11      The adversary proceeding filed by Camacho following the

12  unilateral second dismissal of an adversary proceeding by her

13  spouse, Zarate, is barred by virtue of the Rule 41(a)(1)(B) "two

14  dismissal rule."   It presents the same claim, determined under

15  ───────────────────────

16      [5]Before the 2007 restyling amendments, the relevant part of
    Rule 41(a)(1) provided:
17

18          Unless otherwise stated in the notice of dismissal or
        stipulation, the dismissal is without prejudice, except that
19      a notice of dismissal operates as an adjudication upon the
        merits when filed by a plaintiff who has once dismissed in any
        court of the United States or of any state an action based on
20      or including the same claim.

21  Fed. R. Civ. P. 41(a)(1) (second sentence), <u>repealed</u> 2007.

22      After 2007, the rule provides:

23          (B) <u>Effect</u>.   Unless the notice or stipulation states
        otherwise, the dismissal is without prejudice.   But if the
24      plaintiff previously dismissed any federal- or state-court
        action based on or including the same claim, a notice of
25      dismissal operates as an adjudication on the merits.

26  Fed. R. Civ. P. 41(a)(1)(B), <u>incorporated by</u> Fed. R. Bankr. P. 7041.

27      The Advisory Committee note to the 2007 amendment explains,
    "the changes are intended to be stylistic only."   Fed. R. Civ. P.
28  41(a)(1), advisory committee note 2007.

                                - 11 -

1 | <u>Restatement (Second) of Judgments</u> § 24, asserted by plaintiffs
2 | who are virtual representatives of each other as spouses in a
3 | community property state asserting a community property claim.
4 | The federal forum wrestling match is over.  A rematch, if any
5 | would be permitted, would have to occur in a state court of
6 | competent jurisdiction.

7 | This adversary proceeding is DISMISSED.

8 | Dated:  March 18, 2013.

_____

UNITED STATES BANKRUPTCY JUDGE

1    **CERTIFICATE OF SERVICE**

2        On the date indicated below, I served a true and correct
copy(ies) of the attached document by placing said copy(ies) in a
3    postage paid envelope addressed to the person(s) hereinafter
listed and by depositing said envelope in the United States mail
4    or by placing said copy(ies) into an interoffice delivery
receptacle located in the Clerk's Office.

5

6    Maria Camacho
8192 Creek Estates Way
7    Sacramento CA 95829

8
Sara Firoozeh
9    9970 Research Dr
Irvine CA 92618

10

11    Monique D. Jewett-Brewster
333 Market Street, 25th Floor
12    San Francisco CA 94105

13    Caroline R. Djang
611 Anton Blvd #1400
14    Costa Mesa CA 92626

15

16

17    Dated: 3|19|13

18    _____
DEPUTY CLERK

19

20

21

22

23

24

25

26

27

28

- 13 -